[Cite as *Blue Water Manor MHC, L.L.C. v. Novotny*, 2026-Ohio-2664.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| BLUE WATER MANOR MHC, L.L.C., | **CASE NO. 2025-T-0090** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the<br>Newton Falls Municipal Court |
| EDWARD NOVOTNY, et al., | Trial Court No. 2025 CVG 00283 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: July 13, 2026
Judgment: Affirmed

*William M. Flevares*, Flevares Law Firm, L.L.C., 1064 Niles-Cortland Road, N.E., Warren, OH 44484 (For Plaintiff-Appellee).

*Edward Novotny*, pro se, 25 Kings Drive, S.W., Warren, OH 44481 (Defendant-Appellant).

MATT LYNCH, P.J.

{¶1} Appellant, Edward Novotny, appeals the judgment of the Newton Falls Municipal Court entering judgment in favor of appellee, Blue Water Manor MHC, L.L.C. ("Blue Water Manor"), and executing a writ of restitution. We affirm.

{¶2} On December 1, 2025, Blue Water Manor filed a complaint for forcible entry and detainer against Novotny and "all other occupants" of 25 Kings Drive S.W., a lot located in a manufactured home community in Newton Township. The first cause of action is for immediate restitution of the leased premises due to Novotny's alleged default under the terms of the lease; Blue Water Manor alleged that Novotny was given a three-

day notice to leave the premises on November 17, 2025, and has refused to vacate. The second cause of action is for money damages in the amount of $1,136.74 for alleged delinquent charges, plus rent of $428.00 per month and any water charges from December 1, 2025, until Novotny vacates the premises, plus interest at the statutory rate from the date of judgment; Blue Water Manor alleged that Novotny has not been current in his rent since February 28, 2025. Blue Water Manor attached as exhibits to its complaint a copy of the signed lease and a copy of the three-day notice to leave the premises.

{¶3} Following the filing of the complaint, on December 1, 2025, the municipal court summoned Novotny to appear before the court on December 15, 2025, as to his right to remain on the leased premises. This notice advised that a second hearing would be held as to the claim for unpaid rent and other claimed damages on January 7, 2026, and that Novotny had 28 days to answer the complaint as to that cause of action. The summons was posted by the bailiff on December 3, 2025.

{¶4} The hearing was held as scheduled on Novotny's right to remain on the leased premises. A representative of Blue Water Manor appeared with counsel; Novotny appeared pro se. During the hearing, Novotny submitted a "Motion to Dismiss for Retaliatory Eviction" and a "Statement Regarding Lease Notices and Rent Dispute."

{¶5} The trial court issued a judgment entry at the conclusion of the hearing, finding as follows: "The parties were sworn and testified – there was a rental agreement, the Defendant is in default since approximately February 28, 2025, the Plaintiff served Defendant a 3-day notice to vacate but the Defendant still occupies the premises." The court entered judgment for Blue Water Manor, with a writ of restitution to issue upon

Case No. 2025-T-0090

petition. The court also denied Novotny's motion to dismiss, finding no retaliatory conduct. Subsequently, the court found Novotny indigent and granted a waiver of the prepayment of costs and fees in this matter.

{¶6} Upon the petition of Blue Water Manor, the court executed a writ of restitution which commanded the bailiff to remove Novotny and all other occupants from the premises by December 25, 2025. According to Novotny's "financial disclosure/fee-waiver affidavit and order," the other occupants of the lot are his spouse and three minor children. The writ was posted by the bailiff on December 17, 2025.

{¶7} Novotny filed a notice of appeal to this court on December 17, 2025. Novotny was granted a stay of execution of the writ of restitution on the condition that he remains current on his obligation to pay $506.84 per month directly to Blue Water Manor on or before the first of each month. The stay was vacated on May 1, 2026, after Novotny failed to pay the full amount due on April 1, 2026.

{¶8} Novotny requested this court to remand this matter for the limited purpose of settling and approving his App.R. 9(C) statement of the evidence and proceedings for supplementation into the record. The use of an App.R. 9(C) statement of proceedings is authorized for parties who cannot afford to have a transcript prepared. *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 58 (1986) ("a transcript is unavailable for the purposes of App.R. 9(C) to an indigent appellant unable to bear the cost of providing a transcript"); *see also* 2011 Staff Note to App.R. 9(C). However, Novotny did not meet the timeliness requirements of App.R. 9(C), and his motion was denied.

{¶9} Novotny assigns three assignments of error for our review:

[1.] The trial court violated Appellant's right to due process by entering judgment without permitting Appellant to inspect, challenge, or rebut the

Case No. 2025-T-0090

landlord's rent ledger and rental notices, despite acknowledging their existence and relevance at trial.

[2.] The trial court violated Appellant's right to an impartial tribunal where the circumstances created an appearance of judicial bias or impropriety, undermining confidence in the fairness of the proceedings.

[3.] The trial court erred by granting eviction without requiring Plaintiff to meet its burden of proof as to the amount owed and proper service of statutory notice, despite acknowledging the existence of a rent ledger and declining to review it before ruling.

We consider these assigned errors in reverse order.

{¶10} In his third assignment of error, Novotny contends that the trial court erred by granting eviction after declining to review acknowledged evidence central to Blue Water Manor's claims and without requiring Blue Water Manor to meet its burden of proof. Specifically, Novotny maintains that Blue Water Manor did not introduce into evidence (1) a rent ledger, payment history, or documentation establishing the amount allegedly owed and (2) copies of the statutory notices purportedly served upon him.

{¶11} This assigned error lacks merit for several reasons. First, the trial court has yet to adjudicate the cause of action for money damages; it has only determined Blue Water Manor's right to immediate restitution of the leased premises. Second, Blue Water Manor did submit with its complaint a copy of the lease and the three-day notice to vacate. Finally, we are unable to consider the merits of Novotny's argument because it requires a review of the transcript or an acceptable substitution. Although the record in this case contains a videotape recording of the hearing, Novotny failed to have the recording transcribed into written form as required by App.R. 9(B) and did not timely submit an App.R. 9(C) statement in lieu of a transcript. Absent this record, we must presume the validity of the trial court's proceedings. *See Knapp v. Edwards Laboratories*, 61 Ohio

Case No. 2025-T-0090

St.2d 197, 199 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.").

{¶12}  The third assignment of error is without merit.

{¶13}  In his second assignment of error, Novotny contends that multiple undisputed circumstances existed that, taken together, created an appearance of impropriety sufficient to undermine confidence in the fairness of the proceedings. Novotny urges this court to reverse the judgment or remand for further proceedings before a different judicial officer.

{¶14}  R.C. 2701.031 grants the Supreme Court of Ohio the sole authority to rule on the disqualification of a municipal court judge due to alleged bias or prejudice.  As such, this court lacks jurisdiction to consider the issue raised in this assignment of error. *See Mentor v. Jarvis*, 2023-Ohio-1538, ¶ 25-26 (11th Dist.).

{¶15}  The second assignment of error is without merit.

{¶16}  In his first assignment of error, Novotny contends that the trial court entered judgment for Blue Water Manor based on allegations of default and service of notice but did not review or admit into evidence the rent ledger or rental notices upon which the claims depended and denied him access to the same.  Novotny asserts that he was deprived of a meaningful opportunity to challenge the evidence against him and was deprived of meaningful appellate review, in violation of due process.  Novotny urges this court to reverse the judgment or remand for further proceedings in which he is afforded the opportunity to inspect and challenge the evidence relied upon to support eviction.

{¶17} "Due process requires that a party be provided adequate notice of a proposed action as well as an opportunity to be heard." *Zamos v. Zamos*, 2009-Ohio-1321, ¶ 45 (11th Dist.). The opportunity to be heard must be at a meaningful time and in a meaningful manner. *Holz v. Holz*, 2001 WL 1453900, *3 (11th Dist. Nov. 16, 2001).

{¶18} Here, Novotny was served with a three-day notice to vacate the premises on November 17, 2025, and summons for the eviction hearing was posted on December 3, 2025, two weeks in advance of the hearing. The trial court conducted the eviction hearing on December 15, 2025, at which Novotny appeared and testified. Any argument that he was deprived of due process during this hearing cannot be demonstrated on appeal. As stated above, we must presume regularity in the proceedings below because Novotny failed to file a transcript or a timely alternative. *See Burton Carol Mgt., L.L.C. v. Tessmer*, 2015-Ohio-4321, ¶ 20 (11th Dist.).

{¶19} The first assignment of error is without merit.

{¶20} The judgment of the Newton Falls Municipal Court is affirmed.

EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0090

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit.  It is the judgment and order of this court that the judgment of the Newton Falls Municipal Court is affirmed.

Costs to be taxed against appellant.

PRESIDING JUDGE MATT LYNCH

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0090